## Commonwealth v. Blose

*Edward L. Willard*, district attorney, for Common-wealth.

*William W. Litke*, for defendant.

WALKER, P. J., October 12, 1949.—This matter is before the court on two motions, one in arrest of judgment and the other for a new trial. According to the reasons which have been filed they are similar with reference to both motions. This is difficult to understand because if the court would sustain the contention of defendant that it was without jurisdiction so far as the indictment is concerned it seems rather unusual such a reason would be the basis for a new trial. The application for new trial also contains general reasons such as, the verdict of the jury was against the weight of the evidence. The court is disinclined to consider other than two questions, the first being whether or not the court had jurisdiction because the indictment alleges that defendant was charged with an attempt to escape and the second whether or not there was evidence which was sufficient to find for the Commonwealth. These questions will be considered in the reverse.

All of the testimony which was offered in this case was offered by the Commonwealth and in brief it was to this effect; Defendant was an inmate of the penitentiary at Rockview, having been transferred from the Western State Penitentiary to that institution, and was confined to the former institution by reason of a sentence which was imposed by the Court of Quarter Sessions of Mifflin County; that he was an inmate on May 10, 1949, having been sentenced for a period of two and one half years to five years, effective May 13, 1947; that as an inmate of the Rockview Penitentiary he was confined to his cell in the cell-block, his door being locked by the usual lock as well as a padlock; that on this particular date a check was made at 4:45 o'clock in the afternoon and he was at that time in the cell sitting on his bed. A further examination was made at 6:30 o'clock and it was discovered that he had escaped from his cell and that his shoes and trousers were arranged on the bed in a manner to try to leave the impression that the bed was occupied. A search was immediately started and it was discovered that he was not within the confines of the cell-block, having gotten out of that particular building. A further search was made on the outside of the cell-block but within that portion of the premises known as the "stockade", the outlet from which is by gate, and after some time it was discovered that defendant was hiding on top of a building known as the "Ice Plant", to which location he had been able to get by reason of a ladder which was placed up against the side of the building; that when he was discovered he ran and jumped off the ice plant and tried to evade his pursuers but he was finally captured. According to the evidence he had been confined to this particular cell as plans had been made for his return to the Western State Penitentiary. Defendant was able to leave this particular cell wherein he was confined but had not up

to the time of his capture been able to get out of the stockade. If he had then, of course, there would be no need for charging him with an attempt to escape as the act of escaping would have been consummated. Counsel for defendant has indicated that the evidence was not sufficiently strong because it pointed toward the impossibility of a complete escape or break from the prison. This is not shown by the evidence. It is true there were difficulties which continued to lie in the way of his final escape but it was perfectly proper for the jury to assume that he had the same means of opening the outer gate as when he opened the door of his cell and that he would not have attempted to escape if the situation had appeared impossible. The probability of his succeeding was existent but the difficulties were many. If his absence from the cell had not been discovered as early as it was then in all probability this case would not be for the determination of the court and the jury as he naturally felt that he would complete the escape and the breaking of prison.

The court feels that there was sufficient evidence, which was not contradicted in any way, to justify the verdict which was found in this case.

The other question is whether or not the Commonwealth had the right to indict defendant for an attempt to break prison or escape therefrom. The contention of the Commonwealth is that this indictment was under the common law and the courts have said that an indictment will lie under the common law for an attempt to commit a crime where there is no statutory provision specifically charging as a crime an attempt to commit the crime. This matter came before the Court of Lackawanna County in the case of Commonwealth v. Wojdakowski, 62 D. & C. 684. This was an indictment similar to the one in the instant case for an attempt to break prison and escape from the Lackawanna County

Jail, and the court held that an attempt to commit such a crime is indictable under the common law.

Counsel for defendant has cited in his brief the case of Commonwealth v. Barber, 45 D. & C. 620. An examination of the case shows that according to the evidence the crime was one which involved a girl under the age of consent and that the crime of statutory rape was not committed but that defendant was found guilty of an attempt to commit it. The statutory law sets forth as a crime assault and battery with intent to ravish; that would have been the crime under the facts of that particular case of which the defendant would have been guilty and he should have been so indicted. The court held that the reason why defendant could not be indicted for the attempt was because of the provisions of section 722 of The Penal Code of June 24, 1939, P. L. 872, which related to the crime of assault and battery upon a female, forcibly and against her will, to have unlawful carnal knowledge of her. The court stated: "This legislation seems to unite both common law and statutory rape under one heading, viz, "Felonious Rape" and establishes a statutory procedure to be followed rather than the common-law procedure heretofore in existence." It differs from the case at bar in that there is no statutory provision for an attempt to escape or to break prison. The court is, therefore, inclined to accept the conclusions which were arrived at by the court in the case of Commonwealth v. Wojdakowski as applicable to the case at bar and as a result of those conclusions the following order is hereby entered:

And now, to wit, October 12, 1949, the motions in arrest of judgment and for a new trial are hereby dismissed and defendant is directed to appear in open court on Monday, October 17, 1949, for the final disposition of his case.